UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN DEMETRIUS BRAGG ROSS,

    Petitioner,                            Civil Action No. 5:13-CV-10825

v.                                         HONORABLE JOHN CORBETT O'MEARA
                                                UNITED STATES DISTRICT COURT

DUNCAN MACLAREN,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Shawn Demetrius Bragg Ross, ("Petitioner"), presently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, has filed an independent action for relief from judgment under Fed. R. Civ. P. 60(d)(1) and (3). In his application, filed *pro se*, petitioner challenges his criminal convictions for first-degree murder and felony-firearm out of the Kent County Circuit Court. For the reasons stated below, the motion for relief from judgment is dismissed without prejudice.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Kent County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Ross,* No. 258028 (Mich.Ct.App. January 24, 2006); *lv. den.* 475 Mich. 887, 715 N.W.2d 870 (2006).

Petitioner then filed a post-conviction motion for relief from judgment, which was

1

denied by the trial court. *People v. Ross,* No. 03-04027-FC (Kent County Circuit Court, March 1, 2007). Petitioner attempted to file an appeal with the Michigan Court of Appeals, but that court issued a letter advising petitioner that his filing was defective because petitioner had failed to provide a copy of his prisoner account statement for the last twelve months, five copies of the circuit court's register of actions, and two additional copies of the pleadings that he had filed. After petitioner supplied this information, Judge E. Thomas Fitzgerald of the Michigan Court of Appeals denied petitioner's motion to waive fees based upon his ability to pay and ordered petitioner to pay an entry fee of $ 375.00 and a motion fee of $ 100.00 for a total of $ 475.00 within twenty one days of the order or the appeal would be dismissed. *People v. Ross,* No. 277785 (Mich.Ct.App. June 1, 2007). Petitioner apparently mistakenly submitted the filing fees for his appeal to the Kent County Circuit Court Clerk rather than to the Michigan Court of Appeals Clerk. Petitioner alleges that rather than forwarding his filing fee onto the Michigan Court of Appeals, the Kent County Circuit Court Clerk illegally confiscated $ 99.62 and returned the balance of the fee to petitioner. On August 3, 2007, Judge E. Thomas Fitzgerald of the Michigan Court of Appeals dismissed petitioner's post-conviction appeal based upon his failure to pay the filing fee. *People v. Ross,* No. 277785 (Mich.Ct.App. August 3, 2007).

      Petitioner claims that Judge Fitzgerald was without the authority under M.C.R. 7.211(E)(1) to act alone as a single judge in denying petitioner's motion to waive fees and in dismissing his appeal, because Michigan law requires a three judge panel to deny such

a motion and to dismiss such an appeal. Petitioner further claims that Judge Fitzgerald erred in assessing his entry filing fee at $ 375.00, because he claims that the entry fee for filing an appeal with the Michigan Court of Appeals at the time of his appeal was only $ 250.00. Petitioner contends that Judge Fitzgerald's actions amounted to a fraud upon the court.

Petitioner claims that he did not discover this "fraud" until 2012, when he filed a motion for peremptory reversal with the Michigan Court of Appeals. The Clerk of the Michigan Court of Appeals refused to accept petitioner's filing, on the ground that his time for seeking reconsideration of its earlier 2007 orders denying his waiver of fees and dismissing his appeal had long since passed. *People v. Ross,* No. 277785 (Mich.Ct.App. April 10, 2012). Petitioner made a second attempt to file this motion for peremptory reversal, which was also rejected. *People v. Ross,* No. 277785 (Mich.Ct.App. April 23, 2012). Petitioner then filed a complaint for superintending control with the Michigan Supreme Court, which that court rejected on the ground that petitioner's proper remedy would have been to appeal the Michigan Court of Appeals' 2007 orders. *See* Letter from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated September 5, 2012.

Petitioner claims that Judge E. Thomas Fitzgerald of the Michigan Court of Appeals committed a fraud upon the court by acting alone to deny petitioner's motion to waive fees and in dismissing his appeal, because a single appellate judge could not issue such orders. Petitioner further claims that Judge Fitzgerald ordered petitioner to pay the incorrect filing fee. Petitioner seeks to have his right to appellate review of his criminal

conviction reinstated by this Court.

## II. Discussion

Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a habeas petitioner to attempt to have his or her criminal conviction set aside. *See United States v. Pope,* 124 Fed. Appx. 680, 682 (2nd Cir. 2005). Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain limited circumstances, such a motion "does not itself seek habeas relief." *Id.* (quoting *Harris v. United States*, 367 F. 3d 74, 80 (2nd Cir. 2004)). In this case, a Rule 60(b) motion is not appropriate, because petitioner is not seeking to set aside a denial of habeas relief, since he never sought such relief in the form of a petition for writ of habeas corpus. *Id.*

A review of petitioner's motion for relief from judgment shows that he is challenging the validity of his state court criminal convictions and that he seeks to have these convictions vacated or set aside. Petitioner is obviously seeking habeas corpus relief, inasmuch as his claim addresses the alleged denial of his appellate rights with respect to his criminal convictions. *See Thomas v. Pleasant,* 28 Fed. Appx. 436 (6th Cir. 2002). Petitioner's sole federal remedy to challenge his state court convictions would be by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner, however, appears to argue that he is entitled to bring an independent action pursuant to Fed. R. Civ. P. 60 because Judge Fitzgerald of the Michigan Court of Appeals committed a fraud upon the court by acting alone to deny petitioner's motion to waive his fees and in dismissing his appeal.

"The 'indisputable elements' of an independent action for relief from judgment are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law." *Mitchell v. Rees,* 651 F. 3d 593, 595 (6th Cir. 2011). More importantly, an independent action pursuant to Fed. R. Civ. P. 60 is "available only to prevent a grave miscarriage of justice." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). In the context of a habeas or habeas type case, in order to establish that relief is required to prevent a grave miscarriage of justice, so as to maintain an independent action pursuant to Fed. Rule Civ. P. 60, a habeas petitioner must make a strong showing of his or her actual innocence. *Id,* at pp. 595-96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner is not entitled to maintain an independent action for relief from judgment pursuant to Fed. R. Civ. P 60(b) for two reasons.

First, petitioner has failed to show that a fraud has been committed upon the court.

5

>The elements of fraud upon the court consists of conduct:
>
>1. on the part of an officer of the court;
>2. that is directed to the "judicial machinery" itself;
>3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
>4. that is a positive averment or is concealment when one is under a duty to disclose; and,
>5. that deceives the court.

*Demjanjuk v. Petrovsky,* 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit, because he has failed to show that any alleged fraud was committed by an officer of *this Court*. (emphasis supplied). In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed.R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson,* 48 Fed. Appx. 491, 499 (6th Cir. 2002)(citing *Workman v. Bell*, 227 F. 3d 331, 336, 341 (6th Cir. 2000)(*en banc*)). Because Judge Fitzgerald of the Michigan Court of Appeals was not acting as an officer of the federal habeas court when, while acting in his capacity as a state court judge, he denied petitioner's motion to waive his fees and dismissed his appeal, the "fraud upon the court" exception does not apply to permit petitioner to maintain an independent action for relief from judgment. *Id.*

Petitioner is also not entitled to maintain an independent action for relief from judgment to challenge his state criminal court convictions because he has failed to show that there has been a grave miscarriage of justice in his case. *Mitchell,* 651 F. 3d at 599. Petitioner has neither alleged or established his actual innocence of the crimes that he was

convicted. Accordingly, he cannot maintain an independent action for relief from judgment pursuant to Fed. R. Civ. P. 60(d).

When a *pro se* prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, the suit should not be converted into a habeas corpus action and decided on the merits. Instead, the proper action is to dismiss the action without prejudice. *See Staples v. Caspers.on,* 6 Fed. Appx. 481, 483-84 (7th Cir. 2001). Thus, rather than re-characterizing petitioner's motion as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this Court shall dismiss his claims without prejudice to avoid any adverse consequences with respect to any § 2254 claim or claims that petitioner may wish to file in the future. *See Martin v. Overton*, 391 F. 3d 710, 713 (6th Cir. 2004)(holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner); *See also Hornsby v. Booker,* No. 06-CV-11612, 2006 WL 932101, * 1 (E.D. Mich. April 11, 2006)(dismissing Rule 60(b) motion for relief from judgment that had been brought to challenge state court conviction without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254); *Brown v. Lafler*, 05-CV-72437DT; 2005 WL 2122101, * 2 (E.D. Mich. August 31, 2005)(same).

### III. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Petitioner's Rule

60(b)(d)(1) and (3) motion for relief from judgment is DISMISSED WITHOUT PREJUDICE.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  March 13, 2013

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 13, 2013, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager